IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC EVAN O'DELL, | No. CIV S-09-1195-CMK-P |
| Petitioner, | |
| vs. | ORDER |
| ROBERT WONG, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court is respondent's motion to dismiss (Doc. 16) the petition as untimely.

/ / /

/ / /

/ / /

/ / /

/ / /

## I. BACKGROUND

Petitioner was convicted of various crimes and sentenced to a determinate prison term of eight years and eight months. On direct appeal, the judgment was affirmed but the sentence was vacated on one count and the case remanded for re-sentencing. An amended judgment was issued on July 19, 2007. The California Supreme Court denied direct review on June 20, 2007. Petitioner filed one post-conviction action in state court on October 9, 2007. That petition was denied on March 26, 2008.

## II. DISCUSSION

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d). Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review. See 28 U.S.C. § 2244(d)(1). Where a petition for review by the California Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court, the one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the United States Supreme Court. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court. See 28 U.S.C. § 2244(d)(2). To be "properly filed," the application must be authorized by, and in compliance with, state law. See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 128 S.Ct. 2 (2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a

state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed). A state court application for post-conviction relief is "pending" during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). It is not, however, considered "pending" after the state post-conviction process is concluded. See Lawrence v. Florida, 549 U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari petition to the Supreme Court was pending).

In this case, petitioner sought review by the California Supreme Court but did not file a petition for a writ of certiorari in the U.S. Supreme Court. Therefore, petitioner's conviction became final 90 days after the California Supreme Court denied direct review on June 20, 2007, and the one-year limitations period began to run the day after, or on September 19, 2007. Respondent concedes that petitioner is entitled to statutory tolling for the 170 days between October 9, 2007, and March 26, 2008, his post-conviction action was pending in state court. Given this period of tolling, petitioner's federal petition was due by March 7, 2009. Respondent argues that, because the instant petition was not filed until March 26, 2009, it is untimely.

In his opposition, petitioner does not challenge respondent's calculations as to the relevant time periods discussed above. Instead, petitioner argues that the "one year limitation period . . . was seriously restricted . . . by the San Quentin State Prison library being closed down and moved to a space half its original size. . . ." Petitioner states that he has been denied adequate access to the law library "from approximately 02/01/2006 to the present. . . ." Based on petitioner's argument, it appears he contends he is entitled to equitable tolling of the statute of limitations. Petitioner also argues that he is factually innocent.

/ / /

/ / /

The court agrees with respondent that petitioner's factual innocence argument is without merit. In Schlup v. Delo, 513 U.S. 298 (1995), the Supreme Court held that certain procedurally barred claims could nonetheless be heard if the petitioner can demonstrate factual innocence. There is, however, no such exception to application of the statute of limitations. See Majoy v. Roe, 296 F.3d 770 (9th Cir. 2002). As to equitable tolling, respondent has submitted documentation that, despite petitioner's claims to the contrary, he was afforded law library access during the relevant time period. While such access was at times somewhat limited, it was not non-existent as petitioner seems to claim. Therefore, the court cannot find that petitioner is entitled to equitable tolling.

### III. CONCLUSION

Pursuant to Rule 11(a) of the Federal Rules Governing Section 2254 Cases, the court has considered whether to issue a certificate of appealability. Before petitioner can appeal this decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Where the petition is denied on the merits, a certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. See Fed. R. App. P. 22(b); but see Woods v. Carey, 525 F.3d 886 (9th Cir. 2008) (citing White v. Lambert, 370 F.3d 1002, 1010 (9th Cir. 2004), and suggesting that a certificate of appealability is not required in cases where petitioner challenges the denial of parole). Where the petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v.

McDaniel, 529 U.S. 473, 120 S.Ct. 1595, 1604 (2000)).  For the reasons set forth above, the court finds that issuance of a certificate of appealability is not warranted in this case.

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss (Doc. 16) is granted;

2. The court declines to issue a certificate of appealability; and

3. The Clerk of the Court is directed to enter judgment and close this file.

DATED: February 10, 2010

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE